In the Matter of JAMES G. ADAMS, Petitioner, against WILLIAM O'DWYER et al., Constituting the Board of Trustees of the New York City Employees' Retirement System and the Board of Estimate of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, March 30, 1951.

*Abraham S. Robinson, Michael E. Cannata* and *Benedict M. Rapport* for petitioner.

*John P. McGrath, Corporation Counsel* (*Michael J. Kilcommons* of counsel), for respondents.

HOFSTADTER, J. In this proceeding under article 78 of the Civil Practice Act, the petitioner, a former civil service employee in the department of marine and aviation, now retired, seeks an order directing the respondents, in fixing the petitioner's retire-

ment benefits under the New York City employees' retirement system, to allow him credit for the period of his military service.

The petitioner was suspended from his position on May 26, 1941, and instituted a proceeding in this court for his reinstatement. Pursuant to a stipulation an order was made in that proceeding on May 29, 1944, directing the commissioner of the department of marine and aviation to reinstate the petitioner to his former position at his former salary and with his former seniority rights maintained, the reinstatement to be effective as of May 26, 1941, the date of his suspension. This order directed that the petitioner receive no salary or compensation from the date of his suspension until he actually resumed the performance of his duties. The order directed that the petitioner receive no pay or differential in pay under section 245 of the Military Law or any other law during his military service. At about the same time and presumably as an incident of this order, the petitioner also executed a formal waiver of pay and differential in pay '' during the time I have been and continue to be in the service of the United States during the present war and until I am discharged therefrom.''

The petitioner was ordered to active military duty effective September 4, 1941, and continued in the service until September 8, 1944, when he was reassigned to duty in the department of marine and aviation. By resolution of the board of estimate he was retired as of February 1, 1950. He is a member of the New York City employees' retirement system but made no contributions to the system during the time he was in the military service. He contends that under paragraph E of subdivision 20 of section 246 of the Military Law, the City of New York is obliged to pay into the retirement system the contributions which he would have been required to make had he continuously performed the duties of his civil position. He maintains that he is a '' New York city member '', as this term is defined in subdivision 20 of section 246, of the Military Law, and as such entitled to the benefits which it confers. Subdivision 20, which puts on the city the duty to make these contributions, first became part of the Military Law in 1947 (L. 1947, ch. 793).

At the threshold, it must, of course, be determined whether the petitioner is a New York City member within the definition of subdivision 20. The benefits there given are limited to such members and obviously if the petitioner is not a member he is

not entitled to the benefits. Subparagraph (1) of paragraph A of subdivision 20 defining " New York City member " declares explicitly that " such term shall not include any public employee whose rights as to civil compensation are or were governed by section two hundred forty-five of the military law ".

Section 245 deals with public officers and employees who are members of the national guard, naval militia, or reserve corps or force in the Federal military, naval or marine service who perform ordered military or naval duty. Eliminating relatively minor details, section 245 provides, in substance, that an officer or employee absent while engaged in the performance of ordered military or naval duty for more than thirty days in any one calendar year shall receive for the period of absence in excess of thirty days the amount by which his salary or compensation as a public officer or employee exceeds the salary or compensation paid for the performance of the military or naval duty. It was this differential in pay which the petitioner by the order of reinstatement was required to and did waive.

It is undisputed that the petitioner held a commission in the army reserve and was, on September 8, 1941, ordered to active military duty. He served as a captain of the army air corps. In the proceeding for reinstatement already mentioned, the petitioner specifically asserted his right to the differential in pay provided for in section 245 of the Military Law. The city resisted this claim on the ground that the petitioner's position had been abolished. When the case was in the Appellate Division, that court said: " On the other hand, if it be found that their positions have continued in existence, concededly they would be entitled to the salary differentials under section 245 of the Military Law (Cons. Laws, ch. 36)." (*Matter of Adams* v. *McKenzie*, 265 App. Div. 170, 171.) From the foregoing it is clear that whatever rights the petitioner then had were governed by section 245 of the Military Law. It follows that he is not entitled to have the city make contributions in his behalf to the retirement system pursuant to the directions of section 246.

The petitioner must be denied the benefits under subdivision 20 of section 246 notwithstanding his waiver in 1944 of his rights under section 245 and the consequent nonpayment to him of any pay differential prescribed by section 245. Under the terms of subdivision 20 of section 246, the petitioner's status as a member is not made dependent on his actual receipt of payment under section 245. It is sufficient that his rights were governed by section 245. The definition unequivocally excludes those whose rights " are or were governed " by section 245.

This is the clear mandate of the act which must be construed and enforced as written. Moreover, since the petitioner settled the prior proceeding and accepted reinstatement to his position on the terms of the stipulation, one of which was the waiver of any pay differential under section 245 of the Military Law, perhaps it is not strictly accurate to say that he got no benefits under section 245. In any event, his rights, though surrendered, for whatsoever reason, were nonetheless governed by section 245.

Since I hold the petitioner not to be a New York City member, it is unnecessary to consider the question argued at length whether under paragraph C of subdivision 20 of section 246, excluding credit with respect to any period of military duty during which the " base pay " of any member exceeded his civil compensation, base pay includes the petitioner's longevity pay. For the reason already stated the petitioner is. not entitled to credit with respect to his period of military service.

Settle order accordingly.